# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANAISSA BETH GERWALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV412-066 |
| | ) |
| GMAC MORTGAGE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Anaissa Beth Gerwald, a detainee, filed this civil action alleging that she lacked funds sufficient to pay the Court's $350 filing fee. (Doc. 2.) The Court provisionally granted her request to proceed *in forma pauperis* ("IFP"), but instructed her to return two forms: a Prisoner Trust Fund Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 4.) She returned the forms, but then suddenly elected to pay the entire $350 fee outright. (Doc. 11.) Since Gerwald apparently had the funds to pay the Court's filing fee, she is **ORDERED** to show cause why this case should not be

dismissed for lying on her IFP application.

The IFP statute, 28 U.S.C. § 1915, requires a court to dismiss an IFP case "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid" where "the allegation of poverty is untrue." *Id.* Rule 11(b) of the Federal Rules of Civil Procedure also "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 630-631 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 380 F. App'x 940-41 (11th Cir. 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

While a prisoner's *pro se* pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court is sanctionable conduct and undermines the administration of justice. The Court suspects that Gerwald, in bad faith, attempted to mislead it as to her financial status, and thus an appropriate sanction is to dismiss her case without prejudice and to warn her that such false responses will not be tolerated and may result in more severe and long-term

sanctions in the future. Such a dismissal will count as a 28 U.S.C. § 1915(g) strike against her. *Pinson v. Grimes*, No. 09-14242 (11th Cir. Aug. 9, 2010).

Prior to imposing sanctions, the Court must "order . . . [plaintiff] to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Too, due process must be satisfied in determining whether bad faith supports dismissal under the Court's inherent power. *Young*, 2010 WL 2170970 at *2. Due process requires that "the sanctionee have fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing." *Id.* Accordingly, the Court **ORDERS** plaintiff to show cause within fourteen days from the date of this Order why her case should not be dismissed for lying about her financial status. If plaintiff fails to respond adequately within fourteen days of this Order, her claim will likely be dismissed without prejudice for his abuse of the judicial process. *See Morefield v. DuPree*, No. CV605-054 (S.D. Ga. Dec. 3, 2008) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior

filing history); *Gillilan v. Walker*, No. CV106-184, 2007 WL 842020 at *1 (S.D. Ga. Mar. 15, 2007) (same).

**SO ORDERED** this 13th day of June, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA