# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

ANAISSA BETH GERWALD,  )
                          )
      Plaintiff,  )
                          )
v.                       )     Case No. CV412-066
                          )
GMAC MORTGAGE,  )
                          )
      Defendants.  )

## REPORT AND RECOMMENDATION

Before the Court is Anaissa Beth Gerwald's 42 U.S.C. § 1983 complaint against GMAC Mortgage.[1] (Doc. 1.) Proceeding *pro se* and supplying a Georgia address, she alleges that GMAC is attempting to wrongfully foreclose upon her house in violation of an earlier settlement agreement. (*Id.* at 6-7.) Her case must be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) (requiring dismissal if the Court determines it lacks

---

[1] The Court earlier ordered Gerwald to show cause why it should not dismiss her case for lying on her *in forma pauperis* application. (Doc. 12.) It accepts her explanation that her funds were hung up while she was detained and that she had no intent to lie to the Court. (Doc. 13.)

subject matter jurisdiction), as she has failed to invoke a subject-matter jurisdictional basis for this action.[2]

Plaintiff has filed suit using a standard 42 U.S.C. § 1983 form complaint, but GMAC is a private company, not a state actor. Hence, that statute has no application to her case. *See* 42 U.S.C. § 1983 (offering a remedy for the deprivation of a citizen's constitutional rights by actors operating under color of state law); *see also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (same basic principle applied to those acting under color of federal law). Nor has she offered any other statutory basis for federal jurisdiction. While she could conceivably bring a 28 U.S.C. § 1332 diversity action, her pleading fails to set out the required elements. She discloses a Georgia address for herself, yet she has failed to plead that the GMAC is anything

---

[2] Alternatively, her case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief. While she ultimately paid the filing fee, she was initially granted *in forma pauperis* ("IFP") status. (Docs. 4 (granting IFP status), 11 (filing fee).) According to the IFP statute, any case that starts IFP remains IFP for the purposes of case screening. 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that. . .").

but a Georgia resident.  Nor has she pled more than $75,000 in damages.[3]

Absent diverse parties and damages exceeding $75,000, she cannot invoke

the Court's diversity jurisdiction.  *Underwriters at Lloyd's London v.*

*Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010); *Denegal v.*

*DeVeaux*, 2011 WL 1456183 at * 1 (S.D. Ga. Mar. 28, 2011).  Gerwald's

case should be **DISMISSED** without prejudice for failing to put forward a

jurisdictional basis for her claim.

   **SO REPORTED AND RECOMMENDED** this __3ʳᵈ__ day of

October, 2012.


                              _____
                              UNITED STATES MAGISTRATE JUDGE
                              SOUTHERN DISTRICT OF GEORGIA

_____

   [3]  Because this is a court of limited jurisdiction, the burden is on Gerwald to plead and prove by a preponderance of the evidence, facts supporting its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (because federal courts are courts of limited jurisdiction "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . .") (quotes and cite omitted); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  Those invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), for example, bear the burden of establishing complete diversity of citizenship -- that the plaintiff and defendant are domiciled in different states -- and that the amount in controversy more likely than not exceeds § 1332's $75,000 jurisdictional requirement. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *partially abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076-77 (11th Cir. 2000); *Connally v. State Farm Fire and Cas. Co.*, 2012 WL 2155110 at * 12 (S.D. Ala. May 22, 2012).